**ORIGINAL**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Case No. 4:25-CV-1469-SAC

**Jessica Scalcione Trauger**

27 Arrowwood Dr

Perkasie, PA 18944

Plaintiff, Pro Se

FILED
HARRISBURG, PA

AUG 08 2025

PER _____
DEPUTY CLERK

v.

**Columbia County District Attorney's Office**

35 W Main St

Bloomsburg, PA 18915

**Montour Township Police Department**

238 Jackson Street

Bloomsburg, PA 17815

Defendants.

**Civil Action No. [To Be Assigned]**

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND STATE LAW**

Page 1 of 15

## I. INTRODUCTION

1. Plaintiff Jessica Scalcione Trauger brings this action under 42 U.S.C. § 1983 against Defendants Columbia County District Attorney's Office and Montour Township Police Department for violations of her First, Fourth, Sixth, and Fourteenth Amendment rights, as well as state law claims, arising from Commonwealth v. Jessica Scalcione Trauger (CP-19-CR-0000290-2024) and related negligence in Columbia County, Pennsylvania.

2. Defendants' actions caused Plaintiff significant harm, including emotional distress (documented by therapy receipts and letters), more than two years of therapy, $10,000 in legal fees, reputational damage, lost job opportunities, and inability to volunteer with her children, despite a clean record with no prior offenses.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) for claims arising under 42 U.S.C. § 1983, and 28 U.S.C. § 1367 (supplemental jurisdiction) for state law claims.

4. Venue is proper under 28 U.S.C. § 1391(b) as the events occurred in Columbia County, PA, within the Middle District of Pennsylvania.

## III. PARTIES

5. Plaintiff Jessica Scalcione Trauger is a resident of 27 Arrowwood Dr, Perkasie, PA 18944, a professional whose career and life were at risk due to Defendants' actions.

6. Defendant Columbia County District Attorney's Office is a governmental entity responsible for prosecuting crimes in Columbia County, PA.

7. Defendant Montour Township Police Department is a municipal law enforcement agency within Columbia County, PA.

**IV. FACTUAL ALLEGATIONS**

8. In early June 2022, Plaintiff applied for legal guardianship over her mother, Ramona Phelps, with the Columbia County Court of Common Pleas following her mother's hospitalization. Plaintiff acted under emergency necessity from June 2, 2022, managing her mother's finances and medical decisions until the guardianship was granted on August 2, 2022 (Exhibit C: Guardianship Order), entitling her to manage her estate, including a dog purchased for her mother's birthday.

9. From June 2022 to September 2022, while Plaintiff was guardian, Dale L. Walter, her mother's former partner with no romantic involvement and diminished mental capacity, stole possessions valued at over $20,000, including a 1983 purple Harley Davidson shovelhead motorcycle, two dogs (one valued at $1,000), a bird, two guns, and $3,700 from a joint bank account in the names of Ramona Phelps and her deceased husband, Roy Phelps, which Walter accessed without legal authority while her mother was incapacitated. The dog was bought with her mother's sole-name

credit card, with a receipt under Ramona Phelps, not Walter, and was stolen from Plaintiff during

her guardianship. Additionally, Walter made terrorist threats against Plaintiff in August 2022,

leading to charges in Commonwealth v. Dale L. Walter (CP-19-CR-0000680-2023).

10. Plaintiff reported the Harley theft to the Bloomsburg PD on September 5, 2022. Officer Ken

Auchter, as documented in police records and the NorthcentralPA.com article "Police: Man

Refuses to Return Stolen Harley" (September 2022), confirmed Walter's admission and

facilitated its return in September 2022 after Plaintiff served notice to quit papers.

11. In October 2022, one month after the notice to quit deadline and Walter moving out, Walter

broke into Plaintiff's mother's home through a window, committing burglary. A neighbor called

Plaintiff to report the break-in, and Plaintiff contacted the Bloomsburg PD, who arrived as Walter

was exiting but did not arrest him. The Bloomsburg PD had previously called Plaintiff to change

the locks after Walter moved out following the notice to quit, yet later called back, stating they

would only file charges if they could prove Walter had no legal right to be there, and a day later

confirmed no eviction record, ignoring that the notice to quit and his self-eviction by moving out

negated his right.

12. In late 2023, Plaintiff discovered the bank theft ($3,700) from the joint account of Ramona

and Roy Phelps and reported it to the Bloomsburg PD, who, in an email dated November 22,

2023 (Exhibit B: DA/PD Emails), stated, "I spoke with the District Attorney in regards to this

investigation and he said no charges will be filed." Over the phone, they explained it was

because they couldn't prove her mother didn't authorize Walter's use, despite the account being

under Plaintiff's guardianship since August 2, 2022, and Walter's unauthorized access.

13. After months of effort, Plaintiff secured Walter's arrest in 2023, and charges, including

terrorist threats against her from August 2022, were bound over in Commonwealth v. Dale L.

Walter (CP-19-CR-0000680-2023) after a preliminary hearing. A letter from Plaintiff's previous

lawyer (Exhibit F: Lawyer's Letter) and the motion to be heard (Exhibit G: Motion to be Heard)

(filed March 2024) confirm that in December 2023, Walter was in talks with the previous DA

about pleading guilty. In December 2023, Plaintiff was in constant contact with the DA's office

receptionist, Emmanuel, who called her to sign a subpoena for Walter's upcoming case, requiring

a 2-hour drive despite her living far away; when she requested an email instead, he became

upset, put her on hold, and threatened, "if you don't show up to this case we are dropping the

charges against Dale," despite her consistent attendance, cancelling work trips, and single-

handedly championing the case (filing the private criminal complaint after police inaction on

multiple calls, paying to locate Walter for arrest, and providing evidence). The DA office

eventually emailed the subpoena, but the threat was made despite Dale's prior non-attendance

(e.g., missing preliminary hearing in September 2023 after confirming, moving out of state on

bail without notification) going unpunished. The plaintiff had to use the private criminal

complaint process because the police repeatedly took a "hands off" approach to Walter's thefts,

burglary and threats. Plaintiff informed the DA multiple times of additional evidence of Walter's

crimes, which was not submitted at the hearing, but the new DA, taking office on January 3,

2024, continued the case from December 2023 to January 2024 and, on January 4, 2024, nolle

prossed without notification, violating 18 P.S. § 11.201(2). Plaintiff believes this dismissal was

retaliatory, timed to punish her as charges against her were filed on December 28, 2023,

reflecting the new DA's assumption of her guilt rather than a lack of evidence, despite her offers

to present more proof and the prior plea negotiations.

14. After the 2023 hearing, DA Tom Liepold, with the lead detective from Bloomsburg PD

present, verbally assured Plaintiff that the detective would help locate her mother's stolen

possessions. The detective contacted a storage facility, found nothing, and asked Plaintiff to

report other locations in Pennsylvania where her mother's items might be. Plaintiff did so, but

the detective later refused, citing "not my jurisdiction." The DA and detective, per police records,

failed to recover any stolen items. On or about March 2024, Judge Norton denied Plaintiff's

motion to be heard, citing a lack of statutory citation (Exhibit I: Judge Norton's Denial Order),

without prejudice, despite CVA violations under 18 P.S. § 11.201(2) and (5), as affirmed by an

Office of Victim Advocate letter to the DA on February 15, 2024 (Exhibit E: OVA Letter), stating

they violated her rights as a crime victim. An email from the DA to the CVA (Exhibit J: DA/CVA

Emails) claimed Plaintiff was not a victim since she didn't live at the house, ignoring 18 P.S. §

11.103, and on July 10, 2025, the DA formally denied her CVRA request dated May 12, 2025

(Exhibit D: CVRA Denial Letter), reiterating this stance, despite the nolle prosequi in her case on

May 7, 2025, proving her innocence, while failing to acknowledge her victimization in Walter's

case despite his nolle prosequi on January 4, 2024, not negating his crimes.

15. On November 5, 2023, while Plaintiff was executor following her mother's death in

December 2022, John Lewis and Birtha Andrezze falsely accused Plaintiff of stealing the dog,

which had been stolen from her by Walter during her guardianship. Neighbors reported two men

took the dog, a fact absent from police documents. On December 28, 2023, the Montour Township PD (Officer Daniel Kilgus), per police records, filed baseless charges against Plaintiff, including Robbery and Theft, without probable cause, leading to **Commonwealth v. Jessica Scalcione Trauger** (CP-19-CR-0000290-2024). Plaintiff voluntarily turned herself in upon learning of the warrant around April 16, 2024, and was released on her own recognizance (ROR) without formal arrest. Court documents for the initial hearing were mailed to her mother's house, where she never lived, causing her to miss it.

16. On April 23, 2024, at the preliminary hearing, Lewis testified that "it wasn't [Plaintiff]," leading to partial dismissal of most charges, but Theft and Receiving Stolen Property charges persisted based solely on a forged vaccine record, which is not proof of ownership. Plaintiff presented her guardianship papers and receipt proving ownership (Exhibit C: Guardianship Order), yet the magistrate did not dismiss these charges. Plaintiff's lawyer told Plaintiff he informed the ADA of video evidence showing two men taking the dog, but the DA, per police records, continued prosecution for 496 days from December 28, 2023, to May 7, 2025. Plaintiff asserted her Rule 600 right via a motion to dismiss filed on March 5, 2025 (Exhibit A: Rule 600 Motion), without requesting any continuances and attended all required court appearances, but the DA requested a continuation due to police availability and, to avoid ruling on the motion, nolle prosequi on May 7, 2025, inconsistently with the retaliatory dismissal of Walter's case, admitting procedural failures. An arrest warrant was issued, but Plaintiff was unaware due to court documents being sent to a wrong address where she never lived. Plaintiff's expungement request was approved by the DA on June 30, 2025.

17. The insurance company and bank validated the thefts: The homeowner insurance paid a minimal claim for Walter's thefts after a year-long investigation, including a lawyer's deposition finding Plaintiff credible. The bank reimbursed the $3,700, acknowledging their failure to freeze the account despite Plaintiff's calls. These payouts prove the thefts were credible, contrasting with the police and DA's refusal to act, reinforcing their negligence and retaliation.

18. Plaintiff suffered severe emotional distress (documented by therapy receipts and letters, with her therapist offering a letter on anxiety from the 496-day prosecution's background check impact, compounded by grieving her mother's horrific loss and the terrorist threats by Walter in August 2022), more than two years of therapy, $10,000 in legal fees, reputational harm from baseless charges and retaliation against a clean record (no prior offenses), lost job opportunities due to self-restraint from applying during the prosecution's risk to her professional career, and inability to volunteer with her children. The failure to secure justice for her mother's stolen possessions, including the dog and other items despite the DA's and detective's assurances, added insult to this injury.

## V. CAUSES OF ACTION

### Count 1: Fourth Amendment Violation – Malicious Prosecution (Against Columbia County DA and Montour Township PD)

19. Defendants DA and Montour Township PD initiated a criminal proceeding against Plaintiff without probable cause, despite her guardianship rights established on August 2, 2022, by the Columbia County Court of Common Pleas (Exhibit C: Guardianship Order), as they failed to investigate her legal ownership of the dog, relying solely on John Lewis and Birtha Andrezzes' baseless accusation. Plaintiff cannot legally steal her own property under guardianship, yet charges persisted despite her presenting guardianship papers and receipt at the April 23, 2024, hearing, where Lewis testified, she didn't commit most charges, leaving only Theft and Receiving Stolen Property based on a forged vaccine record, not ownership proof. The magistrate should have dismissed these, but the DA and Montour Township PD ignored this, suppressing video evidence of two men taking the dog, which Plaintiff's lawyer informed the ADA about. Police documents lack any mention of Plaintiff's guardianship, applied for in early June 2022 and granted August 2, 2022, and an email from the Bloomsburg PD to Plaintiff, dated November 22, 2023 (Exhibit B: DA/PD Emails), confirmed the DA's decision not to press charges for the $3,700 bank theft from the joint account of Ramona and Roy Phelps, citing unproven authorization despite Plaintiff's guardianship. Neighbors confirmed telling police about two men present all day, omitted from reports, and the DA's email to the CVA (Exhibit J: DA/CVA Emails) mischaracterized her as not a victim, ignoring 18 P.S. § 11.103, despite her victimization by Walter's terrorist threats in August 2022 and the OVA's February 15, 2024, affirmation (Exhibit E: OVA Letter). The insurance payout and bank reimbursement (Paragraph 17) further validate the thefts, contrasting with Defendants' inaction. The proceeding, under

release on recognizance (ROR) after voluntary surrender upon learning of the unnoticed warrant

due to misdirected court documents, terminated in Plaintiff's favor via nolle prosequi on May 7,

2025, in a manner inconsistent with the retaliatory dismissal of Walter's case tied to her charges

on December 28, 2023, proving her innocence, while the DA's refusal to recognize her

victimization in Walter's case, despite his nolle prosequi on January 4, 2024, not negating his

crimes, highlights their bad faith, causing a seizure under the Fourth Amendment (Halsey v.

Pfeiffer, 750 F.3d 273 (3d Cir. 2014); Heck v. Humphrey, 512 U.S. 477 (1994); Albright v.

Oliver, 510 U.S. 266 (1994)).


**Count 2: Sixth Amendment Violation – Speedy Trial (Against Columbia County DA)**

20. Defendant DA caused a 496-day delay in bringing Plaintiff to trial, exceeding Pennsylvania's

Rule 600 limit, violating her Sixth Amendment right to a speedy trial. Plaintiff asserted her Rule

600 right via a motion to dismiss filed on March 5, 2025 (Exhibit A: Rule 600 Motion), without

requesting any continuances, and attended all required court appearances, but the DA requested a

continuation after the Rule 600 Motion was filed due to police availability and, to avoid ruling

on the motion, nolle prosequi on May 7, 2025, inconsistently with the retaliatory dismissal of

Walter's case tied to her charges on December 28, 2023, due to lack of due diligence, causing

prejudice including emotional distress, $10,000 in legal fees, and lost opportunities. A trial is not

required for this violation under Barker v. Wingo (Barker v. Wingo, 407 U.S. 514 (1972);

Doggett v. United States, 505 U.S. 647 (1992); Commonwealth v. Bradford, 465 A.2d 1143 (Pa.

Super. 1983)).


**Count 3: Fourteenth Amendment Violation – Due Process (Against Columbia County DA)**

21. In the Walter case, Defendant DA failed to notify Plaintiff of the nolle prosequi on January 4, 2024, violating her CVA rights under 18 P.S. § 11.201(2), and Judge Norton denied her right to be heard, violating § 11.201(5), reflecting a pattern of negligence (Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)). The DA's office receptionist threatened to drop Walter's charges if Plaintiff didn't show up to court, despite her consistent compliance, adding to the coercion. In the Trauger case, Defendant DA's improper notification, with court documents for the initial hearing and an arrest warrant misdirected to Plaintiff's mother's house where she never lived, 496-day prosecution despite guardianship rights applied for in early June 2022 and granted August 2, 2022 (Exhibit C: Guardianship Order), failure to address Bloomsburg PD's inaction on the $3,700 bank theft from the joint account of Ramona and Roy Phelps (per the PD's email dated November 22, 2023) (Exhibit B: DA/PD Emails), window re-entry despite their initial involvement and call to change locks, and refusal to assist in recovering Plaintiff's mother's dog and possessions after the DA's and detective's assurances despite Plaintiff's follow-up, and mischaracterization of Plaintiff as not a victim, ignoring 18 P.S. § 11.103, as reaffirmed in a formal denial of her CVRA request dated May 12, 2025, on July 10, 2025 (Exhibit D: CVRA Denial Letter), despite the OVA's February 15, 2024, letter confirming her victim status and rights violation under § 11.201(2) (Exhibit E: OVA Letter), deprived Plaintiff of timely process. The insurance payout and bank reimbursement (Paragraph 17) validate her claims, highlighting Defendants' negligence. The police omitted neighbor reports of two men present all day from reports, despite confirmation, and suppressed video evidence notified by Plaintiff's lawyer, further violating her rights (Zinermon v. Burch, 494 U.S. 113 (1990); Mathews v. Eldridge, 424 U.S. 319 (1976)).

**Count 4: First Amendment Violation – Retaliation (Against Columbia County DA)**

22. Defendant DA retaliated against Plaintiff for exercising her First Amendment rights to petition for redress and assert her victim status, and/or for perceived self-help in recovering the dog under guardianship authority. In a January 18, 2024, email to the CVA (obtained via RTKL) (Exhibit J: DA/CVA Emails), the DA stated, "we allege that Ms. Trauger committed the robbery of the dog after stating her intention to take self-help actions to retrieve the dog and had been repeatedly warned not to do so," reflecting punishment for fabricated intent despite no evidence of threats (e.g., knocking/kicking), Lewis's prelim testimony shifting blame to Plaintiff's brother ("he knocked him over and kicked him and Plaintiff ran off with the dog"), and suppressed video showing two men. The DA's office receptionist, Emmanuel, threatened to drop Walter's charges if Plaintiff didn't show up to court in December 2023, despite her consistent attendance and self-driven efforts (filing private complaint after police "hands off" inaction). Plaintiff offered additional evidence of Walter's crimes multiple times, engaged in plea negotiations through her previous lawyer in September 2023 (Exhibit F: Lawyer's Letter), and sought justice as a victim, as documented in her lawyer's letter (Exhibit F: Lawyer's Letter) and the motion to be heard (Exhibit G: Motion to be Heard) (filed March 2024). In response, the new DA, taking office on January 3, 2024, nolle prossed Walter's case on January 4, 2024, despite ongoing plea talks, and pursued baseless charges against Plaintiff for 496 days, culminating in a nolle prosequi on May 7, 2025, to avoid a Rule 600 ruling. This selective and retaliatory action, timed with Plaintiff's charges on December 28, 2023, and ignoring her evidence offers, chilled her exercise of constitutional rights, causing emotional distress, legal fees, and reputational harm (Hartman v. Moore, 547 U.S. 250 (2006); Borough of Duryea v. Guarnieri, 564 U.S. 379 (2011)).

## VI. RELIEF REQUESTED

Plaintiff requests:

a. Compensatory damages of $300,000 against Defendants Columbia County DA and Montour Township PD for emotional distress, more than two years of therapy, $10,000 in legal fees, reputational harm from baseless charges and retaliation against a clean record, lost job opportunities due to self-restraint from applying during the 496-day prosecution's risk to her professional career, and inability to volunteer with her children, compounded by the grief of her mother's horrific loss and the terrorist threats by Walter in August 2022.

b. Punitive damages of $100,000 against both Defendants for willful misconduct and systemic negligence.

c. Attorney's fees and costs under 42 U.S.C. § 1988.

d. Any other relief the Court deems just.

## VII. CERTIFICATION

I, Jessica Scalcione Trauger, certify that the foregoing is true and correct to the best of my

knowledge, under penalty of perjury.

Dated: August 2, 2025

/s/ Jessica Scalcione Trauger

Jessica Scalcione Trauger

Plaintiff, Pro Se

27 Arrowwood Dr

Perkasie, PA 18944

215-219-1289

jstrauger@gmail.com

CERTIFICATE OF SERVICE

I, Jessica Scalcione Trauger, certify that upon receipt of the issued Summons from the Court, I

will serve true and correct copies of the Complaint and Summons in the matter of Jessica

Scalcione Trauger v. Columbia County District Attorney's Office and Montour Township Police

Department via Certified Mail, Return Receipt Requested, to the following defendants:


Columbia County District Attorney's Office

35 W Main St

Bloomsburg, PA 17815


Montour Township Police Department

238 Jackson Street

Bloomsburg, PA 17815


I will update this certificate with proof of service upon completion and file it with the Court.


Dated: August 4, 2025

/s/ Jessica Scalcione Trauger

Jessica Scalcione Trauger

27 Arrowwood Dr

Perkasie, PA 18944

215-219-1289

jstrauger@gmail.com

CERTIFIED MAIL

9589 0710 5270 1196 4037 88

Retail

U.S. POSTAGE PAID
PM
PERKASIE, PA 18944
AUG 04, 2025

$20.20

17101

RDC 03                R2303S102538-07

FROM:

Jessica Trauger
27 Arrowwood Dr.
Perkasie PA
18944

RECEIVED
HARRISBURG, PA

AUG 08 2025

PER _____
DEPUTY CLERK

CIF

TO: U.S. District Court
Middle District of P.A.
228 Walnut Street
Harrisburg PA
17101

ReadyPos