# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA TRAUGER,<br>Plaintiff, | : | NO. 4:25-CV-01469 |
| | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| COLUMBIA COUNTY DISTRICT | : | |
| ATTORNEY'S OFFICE, *et. al.,* | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Government sub-units or departments operated by municipalities are not "persons" amenable to suit under § 1983. *Terrell v. City of Harrisburg Police Dept.*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008). This rule applies to police departments and district attorneys' offices alike. *See Washington v. Lehigh Cnty. Dist. Att'y's Off.*, 541 F. Supp. 3d 536, 549 (E.D. Pa. 2021) ("[D]istrict attorney's offices in Pennsylvania are not entities subject to suit under § 1983.").

In this case, Plaintiff Jessica Trauger sued the Columbia County District Attorney's Office (DA's Office) and Montour Township Police Department (Police Department) under 42 U.S.C. § 1983. Complaint, doc. 1 at 3. The Defendants moved to dismiss the Complaint (docs. 21, 29), arguing that they are not entities amenable to suit under § 1983. Def.

Page 1 of 12

DA's Office's Br., doc. 22 at 4; Def. Police Department's Br., doc. 30 at 6. Because the Defendants are government sub-units not subject to suit under § 1983, the Court will grant their motions to dismiss.

## I.    BACKGROUND[1]

As alleged, in 2022, while Trauger was the legal guardian of her mother, the mother's ex-partner, Dale Walter, broke into the mother's house and stole two dogs (among other things). Doc. 1 ¶ 9. Walter was arrested and charged. *Id.* During Walter's prosecution, the DA's Office asked Trauger to "sign a subpoena for Walter's upcoming case," which she requested to sign via email instead of going in person. *See id.* ¶ 13. The DA's Office responded that "if you don't show up to this case we are dropping charges against Dale." *Id.* Despite Trauger informing the DA's Office "multiple times of additional evidence of Walter's crimes," it eventually "nolle prossed without notification[.]" *See id.*

In 2023, the Police Department and the DA's Office filed charges against Trauger based on statements from two individuals who accused her of stealing "the dog." *Id.* ¶ 15. Most of the charges filed against

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Trauger were dropped when one of the eyewitnesses testified at a hearing that "it wasn't [Trauger]." *Id.* ¶ 16. But some charges remained even though Trauger "presented her guardianship papers and receipt proving ownership [of the dog]." *Id.* Ultimately, 496 days after charging Trauger, the DA's Office dismissed all charges. *See id.*

On August 8, 2025, Trauger filed the Complaint against the Defendants under § 1983, alleging violations of her rights under: (1) the Fourth Amendment – malicious prosecution; (2) Sixth Amendment – right to a speedy trial; (3) Fourteenth Amendment – due process; and (4) First Amendment – retaliation. Doc. 1 ¶¶ 19-22. The Defendants moved to dismiss (docs. 21, 29) the Complaint, and the parties have fully briefed the motions (docs. 22, 28, 30, 32, 34, 36). The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 33. The motions to dismiss are thus ripe for disposition.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

At the outset, the Defendants both argue that they are not legal entities amenable to suit under § 1983. Doc. 22 at 4; doc. 30 at 6. The Court agrees and will grant their motions to dismiss. Because this first issue is dispositive, the Court need not pass on the other arguments raised.

### A.   The Defendants are not proper parties.

It is well-settled that government sub-units or departments operated by municipalities are not "persons" amenable to suit under § 1983. *Terrell*, 549 F. Supp. 2d at 686 (police department); *Washington*, 541 F. Supp. 3d at 549 (district attorney's office). Governmental sub-units, including a district attorney's office and a police department, are not distinct from the municipalities of which they are a part. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016). Here, the Complaint fails because Trauger brought suit under § 1983 against the DA's Office and the Police Department, legal entities that are sub-units of their respective municipalities. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (agreeing with the district court that a police department was not a proper party to a § 1983 action); *Washington*, 541 F. Supp. 3d at 549 ("[D]istrict attorney's offices in Pennsylvania are not entities subject to suit under § 1983.").

The Court, therefore, will grant the Defendants' motions to dismiss (docs. 21, 29).[2]

---

[2] The Court, in an effort to construe Trauger's *pro se* Complaint liberally as required, examined *sua sponte* whether Trauger alleges a claim against the respective municipalities, Columbia County and Montour

## B.     Trauger improperly uses Artificial Intelligence.

The Court addresses an additional issue, given its serious concerns about the integrity of Trauger's filings in this action. The DA's Office asserts that Trauger may be using Artificial Intelligence (AI) to assist in drafting her submissions to the Court, "resulting in misstatements of applicable case law." Def. DA's Office's Reply Br., doc. 32 at 8 n.2. Indeed,

---

Township. She does not. To state a claim under § 1983 against a municipality, a plaintiff must allege that the municipality violated a constitutional right through the execution or implementation of a policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy. *Higgins v. Borough of Taylor*, 551 F. Supp. 2d 370, 377 (M.D. Pa. 2008), citing *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir. 1997). In other words, Trauger must allege, at minimum, that her injuries were the result of a policy or custom, or a municipality's failure to train its employees. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."); *Higgins*, 551 F. Supp. 2d at 378 (recognizing a failure to train claim against a municipality). Here, Trauger has not alleged that the Clinton County or Montour Township has a policy or custom that caused her injuries, or that the municipalities' failure to train their employees led to a constitutional violation. Trauger, therefore, has failed to state a claim under § 1983 against either municipality. *See also Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (noting that "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Trauger has submitted to the Court briefs containing inaccurate information. *See* Pl.'s Br. in Opp'n to Def. DA's Office's Mot. to Dismiss, doc. 28 at 6 (misrepresenting holdings of cases).

For instance, Trauger cites to *Hakeem v. Beyer* for the proposition that pretrial detention delay of "over one year [is] presumptively prejudicial." *Id.*, citing 990 F.2d 750, 765. But that case concluded the exact opposite. *See Hakeem*, 990 F.2d at 764 (holding that "fourteen and one-half months that passed between arrest and trial is insufficient to allow an inference of prejudice solely from the length of the delay."). The same goes for Trauger's citation to *Reitz v. County of Bucks* for the proposition that "DA offices can be sued under § 1983." Doc. 28 at 6, citing 125 F.3d 139, 144 (3d Cir. 1997). Again, the Court of Appeals for the Third Circuit held the opposite in *Reitz*, finding that "the Bucks County District Attorney's Office is *not* an entity for purposes of § 1983 liability." 125 F.3d at 148 (emphasis added). These misrepresentations alone may not conclusively demonstrate Trauger's use of AI, as the DA's Office appear to acknowledge. Doc. 32 at 3 n.1 ("Moving Defendant suspects that Plaintiff is using . . . [AI] to assist in generating her filings in this matter."). Trauger's submissions, however, get worse.

Most glaringly, in opposition to the Police Department's motion to dismiss, Trauger represents non-existent assertions and cases from the Police Department's brief. *See* Pl.'s Br. in Opp'n to Def. Police Department's Mot. to Dismiss, doc. 34 at 3-5. This appears to indicate one of the hallmarks of generative AI use: hallucination.[3] For example, Trauger states that the Police Department cited "*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), and *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850 (3d Cir. 2014), to assert it is a state entity immune from suit (Doc. 30 at 8-10)." *Id.* at 3. Nowhere in its briefs does the Police Department cite to *Will* or *Lagano*. *See* doc. 30; *see also* Def. Police Department's Reply Br., doc. 36. Nor does it assert that "it is a state entity immune from suit," (doc. 34 at 3) as Trauger asserts, but rather that it is a municipal police department. *See* doc. 30 at 6 (noting that Trauger's claims are "without merit because a *municipal* police department is not an entity that can be sued under 42 U.S.C. § 1983").

---

[3] An AI "hallucinates" when it generates responses to a user's requests that are factually incorrect, misleading, or nonsensical. *See Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 233 (5th Cir. 2026), quoting *Snell v. United Specialty Ins. Co.*, 102 F.4th 1208, 1230 (11th Cir. 2024) ("Put simply, [a generative AI program] 'hallucinates' when, in response to a user's query, it generates facts that, well, just aren't true—or at least not quite true.").

But Trauger dedicates an entire page to arguing that the Police Department's "reliance on *Lagano* is misplaced[.]" Doc. 34 at 4. The flagrant misrepresentations of law in her brief in opposition to the DA's Office's motion to dismiss and the hallucinations apparent from her brief in opposition to the Police Department's suffice to demonstrate the likelihood that Trauger relied on AI without verifying the information it generated.[4]

The Court strongly reprimands Trauger as to her false representations of law to the Court, apparently resulting from her improper AI use. To be clear, the use of AI in and of itself, is not improper. In fact, the Court of Appeals for the Third Circuit has recently recognized that use of AI may prove to be helpful, even to attorneys. *See McCarthy v. D.E.A.*, 171 F.4th 245, 252 (3d Cir. 2026) ("Our decision is neither a critique nor a comment upon Attorney's reliance on others in conducting research, nor the use of AI generally. With proper supervision and vetting, both may be helpful to an attorney."). It may also prove useful

---

[4] Trauger's brief in opposition to the Police Departments contains further hallucinations. *See, e.g.,* doc. 34 at 5 (citing to the Police Defendant's brief and asserting that the Police Department cited to *Albright v. Oliver*, 510 U.S. 266 (1994) which it never did).

for an unrepresented party such as Trauger. But improper use of AI, as it seems Trauger has engaged in here, must be admonished because it undoubtedly wastes the parties' and the Court's time and resources.

Ultimately, whether Trauger's misrepresentations were generated by AI or by her own hand is of no matter. Trauger is placed on notice that, under the Federal Rules of Civil Procedure, even an "unrepresented party certifies that . . . [her] claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Trauger is no exception to the federal rules. As a *pro se* litigant, she must abide by the same rules that apply to all other litigants. *Mala*, 704 F.3d at 245; *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those without counsel.").

Trauger's misstatements of caselaw and of opposing parties' arguments are improper. The Court, therefore, cautions that any further non-compliant submissions may result in sanctions under the federal rules. *See Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 971 (7th

Cir. 2026) ("[I]n no way will we allow a court filing to include misrepresentations on legal or factual points that an unrepresented party reasonably knows or should know exist."); *Williams v. Canavan*, No. 25-1016, 2025 WL 3634245, at *5 (M.D. Pa. Dec. 15, 2025) (warning *pro se* litigant that any unchecked reliance on AI will result in sanctions).

## IV.    CONCLUSION

Accordingly, the Defendants' motions to dismiss (docs. 21, 29), are granted. An appropriate order follows.

Date: May 29, 2026                                    s/*Sean A. Camoni*
                                                      Sean A. Camoni
                                                      United States Magistrate Judge